J. A. Bowers, Defendant in. Error, v. J. A. McIntire
*et al.*, Plaintiffs in Error.

### Kansas City Court of Appeals, May 11, 1891.

Trial Practice : JUDGMENT AT RETURN TERM. Where a motion for
judgment on the pleadings,—petition and answer,—was without
objection taken up, heard and sustained at the return term while
the revision of 1879 was still in force, a motion at the next regular
term to set the judgment aside because rendered at the return
term is properly overruled.

*Appeal from the Pettis Circuit Court.*—Hon. Richard
Field, Judge.

Affirmed.

*B. G. Boone, N. K. Chapman,* for. plaintiffs in error.

The court erred in rendering judgment on said
motion. It being the return term, the cause was not
triable at that term. R. S. 1879, sec. 3514, p. 602.
This section was in force at the time of the rendition of
said judgment. Section 2042, Revised Statutes, 1889, did
not go into effect until November 1, 1889. R. S. 1889,
sec. 6614, p. 1552.

*E. J. Smith,* for defendant in error.

Summons being served thirty days before court, the
case was triable at the first term. R. S. 1889, sec. 2042.
The whole "practice act" of 1889 went into effect
August 22, 1889. Constitution, art. 4, sec. 36, Certifi-
cate of Secretary of State, addenda to Session Laws of
1889 ; R. S. 1889, sec. 2313, Laws, 1889, p. 210, sec. 3784 ;
R. S. 1889, secs. 6605, 6614 ; Laws of 1889, art. 3, chap.
98, p. 67, sec. 1150. The supreme court held the "prac-
tice act" went into effect before November 1, 1889, for

Kellar v. Garth.

it held its October term of that year under that act ( sec. 2313 ) and not under section 9, article 6, of the constitution.

ELLISON, J.—This action was instituted by filing a petition. Defendant answered at the return term, and at same term plaintiff moved for judgment on the pleadings. This motion was taken up without objection and sustained by the court. No exception was taken. At the next regular term defendant filed a motion to set aside this judgment for the reason that it was rendered at the return term while ( as it is claimed ) the Revised Statutes, 1879, were yet in force. This motion was overruled as it should have been. The parties were in court, and submitted to the action of the court without objection or exception. The judgment is affirmed. All concur.